Page 1 of 5

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY JEROME WILLIAMS,
FDOC Inmate No. 361941,
    Plaintiff,

v.                                                  Case No. 3:19cv4665/RV/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Larry Jerome Williams ("Williams"), an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon consideration, and for the reasons given below, the court recommends that this case be dismissed.

I.    BACKGROUND

Williams names as Defendants the State of Florida, the Secretary of the FDOC, and two police officers with the Marianna Police Department (Complaint at

1–2, ECF No. 1). Williams alleges he was convicted in December of 2010 in the Circuit Court in and for Jackson County, Florida, Case No. 2010-CF-38, and sentenced life in prison (Complaint at 5–6). Williams contends he was incompetent during the criminal proceedings, and his court-appointed counsel and the trial judge violated his constitutional rights during the proceedings (*id.*). Williams further alleges the trial court and the state appellate court denied all of his challenges to his conviction (*id.*). Williams states he is suing the State of Florida and the FDOC in the amount of $2 million for failing to have his co-defendants testify truthfully at his trial, $2 million for not conducting a fair trial, $2 million for not giving him an evidentiary hearing, $2 million for wrongfully incarcerating him, $2 million for signing a contract for his custody, and $50 per day for each day he has spent in FDOC custody as compensation for pain and suffering, lost wages, and "death" (*id.* at 6). Williams states he is willing to exchange his release from FDOC custody in settlement of his claims for compensatory damages (*id.* at 6–7).

II.    DISCUSSION

Because Williams is a prisoner, the court must review the Complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A. To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Based upon the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. In *Heck*, the Court stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*, 512 U.S. at 486. Absent such an invalidation, the section 1983 suit must be dismissed.

*Heck* reaffirmed what the Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Thus, whether the claims are for

damages or declaratory or injunctive relief, claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995). Because it is facially clear from the Complaint that Williams' claims are in the nature of habeas corpus, they may not be brought in a § 1983 action and thus must be dismissed under *Heck*.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Williams' § 1983 claims are clearly *Heck*-barred. This pleading deficiency cannot be cured by amendment of the Complaint. Any additional processing of Williams' claims would result in waste of scarce public resources. The undersigned thus concludes that this action should be dismissed for failure to state a claim on which relief may be granted.

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

2. That all pending motions be **DENIED** as moot.

3. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 21st day of November 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections must be served upon all other parties.** If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**